**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4484**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

TERRY LAMONT BAGLEY, a/k/a G-Red,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00273-BR-1)

Submitted: July 5, 2019                  Decided: August 6, 2019

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lamont Bagley appeals his sentence after pleading guilty to two counts of distributing and possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012).  On appeal, Bagley's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court erred in finding the drug quantity. Bagley has filed a pro se supplemental brief raising the same issue.  We affirm.

We review a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Walker*, 922 F.3d 239, 253 (4th Cir. 2019).  In evaluating the district court's calculation of the Guidelines range, we review its factual findings for clear error and its legal conclusions de novo.  *Walker*, 922 F.3d at 253 (citation omitted). "The Sentencing Guidelines make it clear that '[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'"  *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (citation omitted).  "When determining facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to 'consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'"  *Id.* (citation omitted).  The district court must find the drug amount by a preponderance of the evidence.  *United States v. Davis*, 918 F.3d 397, 405 (4th Cir. 2019).  "[C]lear error exists only when 'the reviewing court on the entire evidence is left

2

with the definite and firm conviction that a mistake has been committed.'" *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (citation omitted).

We have reviewed the record and conclude that the district court did not err in finding the drug quantity. The probation officer conservatively estimated Bagley's drug quantity based on his recorded statements during a post-arrest interview. He objected, arguing he had denied being responsible for the daily amounts on which the estimate was based. At sentencing, the Government presented the testimony of the detective who had questioned Bagley, and Bagley played a portion of the recorded interview for the court. The detective testified regarding his interpretation of Bagley's statements and why the drug amount in the presentence report was a conservative estimate. After argument on the issue, the court overruled the objection. We find no clear error in the court's ruling.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*